IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>JAY ROBERT PRITZKER, in his official capacity as Governor of the State of Illinois; and KEVIN HUBER, in his official capacity as Chairman of the Illinois Student Assistance Commission,<br><br>    Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Illinois is facing a worsening teacher shortage. With over 90% of Illinois schools reporting a "serious" or "very serious" teacher shortage, the state is in desperate need of more teachers. One solution is to provide teacher scholarship programs that would lessen the financial burden for aspiring teachers and provide incentives for students to teach in Illinois schools. And, indeed, Illinois has created one such program that is particularly beneficial for aspiring teachers. Rather than open this scholarship to all, however, the state restricts eligibility on the basis of race.

2. In 1992, the Illinois Legislature established the Minority Teachers of Illinois Scholarship Program (Scholarship Program) with the intent to "encourage academically talented Illinois minority students to pursue teaching careers at the preschool or elementary or secondary school level and to address and alleviate the teacher shortage crisis[.]" 110 Ill. Comp. Stat. Ann. 947/50(b). Scholarship winners are awarded up to $7,500 per school year to cover university tuition, fees, and room and board.

3. Yet, the Scholarship Program imposes an explicit racial barrier: it is only for students who are American Indian or Alaska Native, Asian, Black or African American, Hispanic or Latino, or Native Hawaiian or Other Pacific Islander. Students of any other race are excluded.

4. Such blatant race-based discrimination against individuals who could otherwise contribute to a robust teacher pipeline in Illinois serves no compelling government purpose. It is demeaning, patronizing, un-American, and unconstitutional.

5. Plaintiff American Alliance for Equal Rights (Alliance) is a nationwide membership organization that is dedicated to eliminating racial distinctions and preferences in America. It has members who are qualified, ready, willing, and able to apply to the Scholarship Program, including Member A: a resident of Illinois and high school senior who plans to become a teacher and who meets each of the eligibility requirements for the Scholarship Program except she is not from a preferred race. Member A would apply to the Scholarship Program by the 2025-2026 academic year deadline of March 31, 2025, but cannot because her race makes her ineligible.

6. The Alliance brings this lawsuit under 42 U.S.C. § 1983 to vindicate its members' constitutional rights and to ensure that every qualified citizen in Illinois has the equal opportunity to be considered for public scholarships without regard to their race.

**JURISDICTION AND VENUE**

7. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and because a substantial part of the events or omissions giving rise to the claim occurred and continue to occur in this District.

## PARTIES

9. Plaintiff American Alliance for Equal Rights is a nationwide membership organization headquartered in Austin, Texas. It is a 501(c)(3) tax-exempt organization whose mission is to challenge racial classifications and racial preferences in America. The Alliance has one or more members who are citizens of Illinois, who do not qualify as a racial minority, and who are otherwise qualified, ready, willing, and able to apply to the Minority Teachers of Illinois Scholarship Program.

10. In particular, Member A is an Illinois high school senior who will be starting college this fall in Illinois. Member A will pursue a degree in education and plans to become an elementary school teacher. Member A does not qualify as a racial minority, but is otherwise qualified, ready, willing, and able to apply to the Minority Teachers of Illinois Scholarship Program for the 2025-2026 school year.

11. Defendant Jay Robert Pritzker is the Governor of the State of Illinois. Governor Pritzker is sued in his official capacity.

12. Defendant Kevin Huber is the Chairman of the Illinois Student Assistance Commission (Commission), the agency responsible for administering the Scholarship Program. Chairman Huber is sued in his official capacity.

## FACTUAL ALLEGATIONS

### The Scholarship Program's Racial Exclusion

13. The Minority Teachers of Illinois Scholarship Program was established in 1992 to address Illinois' teacher shortage and to "encourage academically talented Illinois minority students" to pursue teaching careers in pre-K-12 education. 110 Ill Comp. Stat. Ann. 947/50(b). Subject to appropriations, the Scholarship Program awards each qualified student a scholarship toward their attendance at a qualified Illinois institution of higher learning. 110 Ill. Comp. Stat. Ann. 947/50(b)-(c).

14. Scholarship recipients are contractually obligated to undertake a full-time teaching assignment at a nonprofit Illinois public, private, or parochial preschool, elementary school, or secondary school at which no less than 30 percent of the students are minority students; alternatively, if the recipient qualified as a bilingual minority applicant, the recipient may fulfill this obligation by teaching in a transitional bilingual education program. 110 Ill. Comp. Stat. Ann. 947/50(k).

15. The Scholarship Program's statutory racial exclusion is embedded both in the application process and the qualification considerations for award.

16. First, only minority students who have graduated from high school or have received a State of Illinois High School Diploma, maintained a cumulative grade point average of no less than 2.5 on a 4.0 scale, and are enrolled or accepted on at least a half-time basis as an undergraduate or graduate student at an Illinois institution of higher education are eligible to apply for the Scholarship Program. *Id.* at (a).

17. For the Scholarship Program, "minority students" are only those students classified as: American Indian or Alaska Native, Asian, Black or African American, Hispanic or Latino, or Native Hawaiian or Other Pacific Islander. *Id*.

18. Eligible applicants must then satisfy the following requirements to receive a scholarship: (i) be a resident of the State and a citizen or permanent resident of the United States; (ii) be a minority student; (iii) as an eligible applicant, have made a timely application; (iv) be enrolled on at least a half-time basis at a qualified Illinois institution of higher learning to become a licensed teacher; (v) maintain a grade point average of no less than 2.5 on a 4.0 scale; and (vi) have continued to advance satisfactorily toward the attainment of a degree. *Id*.

**Discrimination against the Alliance's Members**

19. So long as this racial exclusion remains in place, otherwise-qualified Alliance members will never receive equal consideration for the Scholarship Program.

20. The Alliance has one or more members who do not meet the statutory definition of a "minority student" and who are otherwise qualified, ready, willing, and able to apply to the Scholarship Program.

21. For example, Member A is a member of the Alliance and will receive a State of Illinois High School Diploma in May 2025.

22. Member A has dreamed of becoming a teacher since childhood and would like to teach elementary school students.

23. Member A is concerned about the high cost of earning a teaching degree and whether she would be able to afford to pay off student loans on a starting teacher's salary.

24. Member A has maintained a cumulative grade point average above 2.5 out of a 4.0 scale.

25. Member A has been accepted on a full-time basis as an undergraduate at an Illinois institution of higher education and will enroll in a course of study that will enable her to become a licensed Illinois teacher.

26. Member A has sought out and applied for numerous scholarships to help defray the cost of tuition, room & board, and fees, which total over $40,000 for the 2024-2025 school year alone.

27. Although Member A has been awarded several scholarships, approximately $22,000 of Member A's annual university expenses are not covered by her current scholarships.

28. An award from the Scholarship Program would significantly defray Member A's remaining university expenses.

29. Except for her race, Member A is qualified, ready, willing, and able to apply to the Scholarship Program.

30. Because of the racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50, Member A is ineligible to apply to and be considered for award from the Scholarship Program.

## CLAIM FOR RELIEF

### (42 U.S.C. § 1983)

**110 Ill. Comp. Stat. Ann. 947/50's Racial Exclusion Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**

31. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 30.

32. Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

33. Under 42 U.S.C. § 1983,

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ….

34. 110 Ill. Comp. Stat. Ann. 947/50 bars otherwise eligible applicants from applying for, and otherwise qualified students from being awarded, a Minority Teachers of Illinois Scholarship on the basis of their race.

35. In executing appropriated funds for the Scholarship Program, Governor Pritzker is acting in his official capacity and under color of state law. 15 Ill. Comp. Stat. Ann. 20/50-5.

36. In administering the Scholarship Program, Chairman Huber is acting in his official capacity and under color of state law. 110 Ill. Comp. Stat. Ann. 947/50(i).

37. Government classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling government interest.

38. The racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 does not serve a compelling government interest.

39. The racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 does not remediate any specific, identified instances of racial discrimination that violated the Constitution or statutes.

40. Even if the racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 served a compelling government interest, it is not narrowly tailored to remediating specific, identified instances of past discrimination.

41. The racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 stereotypes individuals on the basis of race, mandates racial discrimination, and has no end date.

42. The racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 violates the Equal Protection Clause and is therefore unconstitutional.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief.

1. A declaration that the racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

2. A permanent prohibitory injunction forbidding the Governor and his agents from enforcing, or attempting to enforce, the racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50;

3. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

4. Such other relief as the Court deems just and proper.

DATED: October 22, 2024.

Respectfully submitted,

/s/ Samantha R. Romero
SAMANTHA R. ROMERO
Cal. Bar No. 344476
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
SRomero@pacificlegal.org

/s/ Erin Wilcox
ERIN WILCOX (Lead Attorney)
N.C. Bar No. 40078
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
EWilcox@pacificlegal.org

*Attorneys for Plaintiff*