IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAY ROBERT PRITZKER, in his official capacity as Governor of the State of Illinois; and KEVIN HUBER, in his official capacity as Chairman of the Illinois Student Assistance Commission,<br><br>Defendants. | Civil Action No. 3:24-cv-03299-SLD<br><br>Honorable Sara Darrow, Chief Judge |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Illinois imposes an explicit racial qualification on students who seek financial assistance through the Minority Teachers of Illinois scholarship program. 110 ILCS 947/50(k). Only those students who are members of the enumerated racial and ethnic categories may participate in the program; those students who are not from the government's preferred race are barred from consideration. *Id.* These racial barriers undoubtedly fail constitutional scrutiny. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 220 (2023) (rejecting the notion that "government actors may intentionally allocate preference to those who may have little in common with one another but the color of their skin") (citation omitted).

Plaintiff American Alliance for Equal Rights (AAER) challenges the scholarship program's qualifications on behalf of its members, particularly Member A. The State does not defend its program or dispute AAER's claim, but requests that this case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because AAER has not written the legal name of one of its members in the Complaint.

1

This argument has been universally rejected, including by the Seventh Circuit. *See* pgs. 7-9, *infra*. The chief case relied upon by the State has since been vacated. *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 116 (2d Cir. 2024), *opinion vacated and superseded on reh'g*, No. 23-15, 2025 WL 63404 (2d Cir. Jan. 10, 2025). For good reason, as pseudonymity has "nothing to do with the district court's jurisdiction," and the omission of a legal name "in no way detracts" from "the components of what constitutes an Article III case or controversy." *B.R. v. F.C.S.B.*, 17 F.4th 485, 494, 496 (4th Cir. 2021). The State's motion to dismiss is meritless.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject-matter jurisdiction. Where a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Dismissal should be granted "only if it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle [him] to relief." *Tobin for Governor v. Illinois State Board of Elections*, 268 F.3d 517, 521 (7th Cir. 2001).

## Argument

### I.  AAER Has Article III Standing

Article III standing may be met by organizations "assert[ing] the standing of their members." *Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009); *see Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 928 (7th Cir. 2013) ("Organizations can also bring suit through associational standing—that is, standing on behalf of

2

their members").[1] Associational standing is established when the plaintiff-organization shows that (1) one or more of its members "would otherwise have standing to sue in their own right;" (2) the interests of the suit "are germane to the organization's purpose;" and (3) the individual members' participation is not required. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000); *see Milwaukee Police*, 708 F.3d at 928. Defendants do not dispute that AAER satisfies the second and third prongs of this test, arguing only Member A would not otherwise have Article III standing in her own right because—due solely to her pseudonymity—she has not suffered an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); Mot. to Dismiss, Dkt. 12 at 5-10.[2]

"Article III standing 'must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation.'" *Bennett v. Spear*, 520 U.S. 154, 167-68 (1997) (quoting *Lujan*, 504 U.S. at 561). It suffices for a complaint to make "general factual allegations of injury resulting from the defendant's conduct[], for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* at 168 (quoting *Lujan*, 504 U.S. at 561). To do otherwise would violate the "fundamental principle of construing the allegations and drawing all reasonable inferences in light most favorable to the nonmovant." *In re Deere & Co. Repair Serv. Antitrust Litig.*, 703 F. Supp. 3d 862, 875 (N.D. Ill. 2023) (citing *Bennett*, 520 U.S. at 168).

---

[1] Plaintiff-organizations may also assert standing on their own behalf. *Milwaukee Police*, 708 F.3d at 926. However, Defendants' argument that AAER lacks direct standing is irrelevant, as Plaintiff does not assert standing in its own right. Mot. to Dismiss, Dkt. 12 at 4-5; Compl., Dkt. 1 ¶¶ 9-10, 19-30.

[2] Defendants do not dispute the traceability or redressability of Member A's Article III standing. *Lujan*, 504 U.S. at 560-61; Mot. to Dismiss, Dkt. 12 at 5-10.

In its Complaint, AAER attests to the fact that it is a nationwide membership organization dedicated to eliminating racial distinctions and preferences in the United States. Compl., Dkt. 1 ¶¶ 4, 9. AAER also identifies with specificity at least one member, Member A, who has standing in her own right. *Id.* ¶¶ 10, 20-30.

Member A meets each of the requirements to compete for the Minority Teachers of Illinois Scholarship Program, except she is not a member of one of the program's preferred racial or ethnic groups. *Id.* ¶¶ 29-30. Member A will receive her State of Illinois High School Diploma in May 2025. *Id.* ¶ 21. Her goal is to become an elementary school teacher. *Id.* ¶ 22. Her academic performance is satisfactory. *Id.* ¶ 24. She has been accepted on a full-time basis as an undergraduate at an Illinois institution of higher education and will enroll in the appropriate course of study. *Id.* ¶ 25.

AAER's Complaint plainly pleads sufficient facts to establish Member A's injury in fact. Accordingly, AAER satisfies the pleading requirements to establish Article III standing. *Bennett*, 520 U.S. at 168.

II.     **AAER Is Not Required to Disclose Member Names in Its Complaint**

Defendants do not dispute that AAER has identified Member A with specificity, nor that the facts AAER pleads would establish Member A's standing in her own right. Instead, they move to dismiss based solely on the widely rejected legal theory that AAER lacks associational standing unless it includes Member A's legal name in its Complaint. Mot. to Dismiss, Dkt. 12 at 5-10.[3] Defendants' theory is as illogical as it is unprecedented; it prioritizes the legal name of a plaintiff-organization's member above the actual allegations needed for Article III standing. *Advocs. for*

---

[3] Member A, a high school senior, is a minor and therefore must be identified pseudonymously pursuant to Fed. R. Civ. P. 5.2(a)(3). However, even when Member A attains majority, her legal name is not required to maintain AAER's associational standing at the pleading stage.

4

*Highway & Auto Safety v. FMCSA*, 41 F.4th 586, 594 (D.C. Cir. 2022) ("[A]nonymity is no barrier to standing" because "[n]aming members adds no essential information.") (citation omitted); *accord Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). This Circuit, among many others, has directly rejected Defendants' argument. Despite this, Defendants ask this Court to go against the Seventh Circuit and impose an entirely novel and unprecedented standard to unmask an organization's members at the pleading stage. Mot. to Dismiss, Dkt. 12 at 10-11. This Court should refuse.

    **A.** ***Summers*** **does not reject member pseudonymity**

*Summers* does not mandate that AAER name Member A in its Complaint. Defendants' argument to the contrary relies on the mistaken premise that the Supreme Court rejected pseudonymity in *Summers*. Mot. to Dismiss, Dkt. 12 at 5. Yet *Summers* did not involve pseudonyms at all; the plaintiff-organization's standing turned, and fell, on its failure to specifically identify any member or the "imminent and concrete harm to the interests of their members." 555 U.S. at 495. Unlike AAER, the plaintiff-organization in *Summers* generally asserted that it had "thousands of members in California who use and enjoy the Sequoia National Forest." *Id.* at 497-98. It failed to make any "specific allegations establishing that at least one identified member had suffered or would suffer harm." *Id.* at 498. AAER, in contrast, has identified Member A and described with specificity the "imminent and concrete harm" she suffers due to the scholarship program's racially exclusionary requirement. *Id.* at 495; *see* p. 4, *supra*.

If that weren't enough to reject the State's *sui generis* reading of *Summers*, *Summers* was decided at final judgment, whereas this case is at the pleading stage. *See Lujan*, 504 U.S. at 561 (plaintiff's standing burden increases at each successive stage of litigation). Defendants concede, as they must, that AAER may rely on allegations alone in its Complaint. Mot. to Dismiss, Dkt. 12

at 8. Faced with a motion to dismiss, this Court must "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). AAER pleaded not only general allegations regarding Member A and her readiness, willingness, and ability to apply for the scholarship program, it also pleaded specific facts to support these claims by detailing Member A's nonracial qualifications. Compl., Dkt. 1 ¶¶ 10, 20-30.

Though *Summers* did not involve anonymity or pseudonymity at all, the Supreme Court has previously held that unnamed members are no bar to standing. In *Nat'l Ass'n for Advancement of Colored People v. Ala. ex rel. Patterson*, the Court agreed that the plaintiff-organization was "constitutionally entitled" to assert on behalf of its members their right to not have their membership disclosed. 357 U.S. 449, 458-59 (1958). And in *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, the Court agreed that the plaintiff-organization had associational standing to bring the suit on behalf of its members, despite its members' identities remaining secret. 547 U.S. 47, 52 n.2 (2006).

Like *Summers*, Seventh Circuit precedent does not require AAER to include Member A's legal name in its Complaint. In *Disability Rights Wisconsin, Inc. v. Walworth Cnty. Bd. of Supervisors*, the Seventh Circuit held that to satisfy Article III standing, a plaintiff-organization is not required to name the member on whose behalf the suit is filed. 522 F.3d 796, 802 (7th Cir. 2008). The plaintiff-organization in *Disability Rights* ultimately lacked standing because its pleadings incorporated no specificity as to any injured members—anonymously or otherwise. *Id.* By contrast, AAER brings this case on behalf of its injured members and identifies Member A with the necessary specificity. Compl., Dkt. 1 ¶¶ 10, 20-30.

6

Following *Summers*, the Seventh Circuit's position on unnamed members remains unchanged. Defendants wrongly argue that *Summers* "flatly rejected" the Seventh Circuit's holding in *Disability Rights* that "th[e] requirement" for an individual member to have standing "still allows for the member on whose behalf the suit is filed to remain unnamed by the organization." 522 F.3d at 802; Mot. to Dismiss, Dkt. 12 at 6 n.2. To the contrary, in *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, the Seventh Circuit specifically maintained its prior holding in *Disability Rights*. 2 F.4th 1002, 1011 (7th Cir. 2021). *Summers* did not alter the controlling law of this Circuit; and the Circuit has already said as much. *Id*. AAER may identify Member A without naming her. *Disability Rights*, 522 F.3d at 802.

Similarly, multiple other circuits have refused to apply a "naming" requirement more heightened than "identification" in the wake of *Summers*:

- "We are aware of no precedent holding that an association must set forth the name of a particular member in its complaint in order to survive a Rule 12(b)(1) motion to dismiss based on a lack of associational standing." *Hancock Cnty. Bd. of Sup'rs v. Ruhr*, 487 F. App'x 189, 198 (5th Cir. 2012).

- "[W]e see no purpose to be served by requiring an organization to identify by name the member or members injured[.]" *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015), *overruled on other grounds by Arizona All. for Retired Americans v. Mayes*, 117 F.4th 1165, 1177 (9th Cir. 2024).

- "[O]rganizational standing is proper even when the qualifying member of the plaintiff organization is anonymous." *Speech First, Inc. v. Shrum*, 92 F.4th 947, 951 (10th Cir. 2024).

7

- "[R]equiring specific names at the motion to dismiss stage is inappropriate." *Am. Coll. of Emergency Physicians v. Blue Cross & Blue Shield of Georgia*, 833 F. App'x 235, 240 n.8 (11th Cir. 2020).

- "[*Summers* did not] purport[] to impose a naming requirement simply by using the term 'identify.' Indeed, [*Summers*] had [nothing] to do with anonymity or pseudonymity." *Am. All. for Equal Rts. v. Fearless Fund Mgmt., LLC*, 103 F.4th 765, 773 (11th Cir. 2024).

- "[W]e do not know the names of the individuals . . . but anonymity is no barrier to standing[.]" *Advocs. for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 41 F.4th 586, 594 (D.C. Cir. 2022).

In *Speech First*, for example, the Tenth Circuit rejected the same heightened naming requirement that Defendants advocate here. 92 F.4th at 951-52. It concluded that in *Summers*, the terms "identifying" and "naming" were used interchangeably and synonymously, and that "to name a person does not require the use of the legal name." *Id.* at 952. The court recognized that there was no need for the Supreme Court to distinguish between legal names and pseudonyms, especially with prior precedent favorable to associational standing with pseudonymous members. *Id.* And in *Fearless Fund*, the Eleventh Circuit, with the same reasoning as the Tenth, concluded that the plaintiff-organization's "identification of its affected members by the pseudonyms Owner A, Owner B, and Owner C poses no bar to its standing to sue." 103 F.4th at 773.

Defendants acknowledge that both *Speech First* and *Fearless Fund* have explicitly held *Summers* to be irrelevant to member anonymity and pseudonymity. Mot. to Dismiss, Dkt 12 at 7 n.3. Yet—relying on a now-vacated Second Circuit opinion—Defendants maintain that the *Summers* Court "said what it meant and meant what it said" when it used "name" and "identify"

8

interchangeably. *Do No Harm v. Pfizer Inc.*, 96 F.4th at 116. On rehearing, the Second Circuit concluded that even though the plaintiff-organization had not identified its injured members by their legal name, it did not "present an insurmountable obstacle" to its standing to maintain its case. *Do No Harm*, 2025 WL 63404, at *9. The court distinguished the pseudonymity of Do No Harm's members as an evidentiary issue, not a "fundamental flaw" to standing. *Id.* Similarly, AAER's naming of its injured member with a pseudonym does not defeat its standing now.

Defendants argue, in effect, that *Summers*—a case in which pseudonymity was irrelevant—prohibits pseudonymity of plaintiff-organization members. In *Speech First*, the Tenth Circuit posed a question which this Court should also pose now to Defendants: "What are the chances that [*Summers*] would at the same time reject generations of precedent and adopt the 'novel' and 'hitherto unheard-of' proposition that pseudonymous affidavits cannot be considered in support of standing . . . without any announcement that it was rejecting its precedent?" 92 F.4th at 952.

B. **Defendants' supporting cases are inapposite**

The State's remaining authority falls into one of two buckets, neither of which are relevant to this case. Mot. to Dismiss, Dkt. 12 at 6-9. In the first bucket are cases where a plaintiff-organization failed to identify any members with specificity. These cases are like *Summers* in that they have nothing to do with pseudonymity or anonymity; they only concern whether any member was identified with sufficient particularity. *See, e.g.*, *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002 (7th Cir. 2021); *Draper v. Healey*, 827 F.3d 1 (1st Cir. 2016). In the second bucket are cases involving anonymous or pseudonymous *parties*. *See, e.g.*, *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005); *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016); *Mueller v. Raemisch*, 740 F.3d 1128, 1135-36 (7th Cir. 2014). Here, of course, AAER, is the named plaintiff, and these cases have no applicability.

In *Prairie Rivers*, the Seventh Circuit held that the plaintiff-organization, PRN, lacked associational standing because the court could not know from the complaint "who these members [were] or how exactly the alleged discharges [would] harm them individually. PRN [spoke] of its individual members *only as a collective*[.]" 2 F.4th at 1009 (emphasis added). It reasoned that PRN failed to distinguish between individual members and members *as a group* and rejected PRN's argument which the court described as "too close[] to the statistical probability theory of associational standing rejected in *Summers*." *Id.* at 1010.

*Draper* is also distinguishable. In *Draper*, the First Circuit found the plaintiff-organization's complaint insufficient to establish associational standing because it "did not identify *any* [injured] member[.]" 827 F.3d at 3. (emphasis added). AAER's Complaint does the opposite. Compl., Dkt. 1 ¶¶ 10, 19-30.

Finding associational standing in *Summers*, *Prairie Rivers*, and *Draper* would have required each court to engage in speculation regarding injury to individual members of the plaintiff-organizations; none dealt with pseudonymous members. Here, there is no need for the Court to speculate; AAER has already identified Member A and her injury with specificity. Accepting, as it must, all well-pleaded allegations in the complaint as true, this Court has all the information about Member A necessary to find that AAER has Article III standing. *See Hughes v. Nw. Univ.*, 63 F.4th 615, 628 (7th Cir. 2023) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Defendants next wrongly contend that Seventh Circuit precedent regarding the pseudonymity of *parties* is controlling in this associational standing case involving pseudonymous *members*. Mot. to Dismiss, Dkt. 12 at 10. However, Defendants' authorities in support of this argument are inapplicable. At issue in each of these cases was the anonymity and pseudonymity

10

of *parties* to the litigation, not members of an organizational plaintiff. *Id.* at 7 n.3; *see Smith*, 429 F.3d at 710; *Village of Deerfield*, 819 F.3d at 377; *Mueller*, 740 F.3d at 1135-36. Defendants acknowledge that Member A is not a party to this case. Mot. to Dismiss, Dkt. 12 at 10. AAER is the party. Compl., Dkt. 1 ¶ 9. The right of the public to know what the judicial system is doing is not frustrated by nondisclosure of Member A's legal name. Defendants have not argued that Member A's participation is required for litigation; the mere disclosure of her legal name will not further the objectives of litigation transparency. *See Mueller*, 740 F.3d at 1135-36 (highlighting the value of public understanding "the grounds and motivations of a decision, why the case was brought (and fought), and what exactly was at stake in it").

Defendants' request that this Court apply a heightened standard of transparency to associational standing is a novel proposition, at odds with precedent and with decisions in other circuit courts. *See Disability Rights*, 522 F.3d at 802; *Hancock County*, 487 F. App'x at 198; *Speech First, Inc. v. Shrum*, 92 F.4th at 951. This request should be denied.

### III.    Jurisdictional discovery is improper

AAER has more than satisfied its pleading obligations, and the State's motion should be denied. Defendants alternatively argue that this Court should order jurisdictional discovery to unmask Member A. Mot. to Dismiss, Dkt. 12 at 10-11. That would be wholly improper. A plaintiff's allegations may "sufficiently demonstrate standing at the outset of [an] action." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). And so the court "must conduct whatever supplementary factual proceedings are necessary" to resolve jurisdictional doubt only when those allegations supporting the standing are "questioned as a factual matter[,]" or the court is aware that "an allegation integral to standing is probably false or if the complaint 'fairly shriek[s] that there is no federal jurisdiction[.]" *Id.* (quoting *Kanzelberger v. Kanzelberger*, 782 F.2d 774,

777 (7th Cir. 1986)). The Court has no reason to question any of AAER's allegations; certainly Member A's pseudonymity cannot legally be the reason.

Here, Defendants make no assertions that undermine the factual allegations supporting AAER's standing. They do not dispute that Member A is a member of AAER. They do not dispute that Member A will receive her diploma. They do not dispute that Member A aspires to become a teacher. They do not dispute Member A's academic achievements. They do not dispute Member A's acceptance to an Illinois institute of higher learning. And they do not dispute Member A's racial or ethnic background. They certainly do not contend that AAER's complaint is "probably false" or "fairly shrieks" that Member A does not have standing to sue in her own right. Whether AAER's standing allegations are true or false do not turn on disclosing Member A's legal name. *See B.R.*, 17 F.4th at 493-95.

Should it become necessary at a *future stage* of litigation, AAER can provide additional details regarding Member A under a protective order. During fact discovery, Defendants will be free to seek further relevant information about AAER. But jurisdictional discovery is unnecessary and inappropriate; taking AAER's well-pleaded allegations in its Complaint as true, this Court already has the facts necessary to confirm AAER's Article III standing at this stage. Defendants' argument amounts to nothing more than imposing a novel, heightened standard at the pleadings stage, all in service of unmasking a brave high school girl and subjecting her to unwanted and unnecessary public scrutiny. This Court should refuse.

## Conclusion

For the foregoing reasons, the Defendants' motion to dismiss should be denied.

DATED: January 17, 2025.

Respectfully submitted,

| | |
|---|---|
| /s/ Samantha R. Romero | /s/ Erin Wilcox |
| SAMANTHA R. ROMERO | ERIN WILCOX (Lead Attorney) |
| Cal. Bar No. 344476 | N.C. Bar No. 40078 |
| Pacific Legal Foundation | Pacific Legal Foundation |
| 555 Capitol Mall, Suite 1290 | 555 Capitol Mall, Suite 1290 |
| Sacramento, California 95814 | Sacramento, California 95814 |
| Telephone: (916) 419-7111 | Telephone: (916) 419-7111 |
| SRomero@pacificlegal.org | EWilcox@pacificlegal.org |

*Attorneys for Plaintiff*

**Certificate of Service**

I hereby certify a true and accurate copy of the foregoing was served on all counsel of record via the Court's CM/ECF system on January 17, 2025.

/s/ Erin E. Wilcox
ERIN E. WILCOX