# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 24 CV 3299 ) |
| JAY ROBERT PRITZKER, in his official capacity as Governor of the State of Illinois; and KEVIN HUBER, in his official capacity as Chairman of the Illinois Student Assistance Commission, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants JB Pritzker, in his official capacity as Governor of the State of Illinois, and Kevin Huber, in his official capacity as Chairman of the Illinois Student Assistance Commission, by their attorney, Kwame Raoul, Attorney General of the State of Illinois, state the following for their Answer to Plaintiff's Complaint:

## INTRODUCTION

1. Illinois is facing a worsening teacher shortage. With over 90% of Illinois schools reporting a "serious" or "very serious" teacher shortage, the state is in desperate need of more teachers. One solution is to provide teacher scholarship programs that would lessen the financial burden for aspiring teachers and provide incentives for students to teach in Illinois schools. And, indeed, Illinois has created one such program that is particularly beneficial for aspiring teachers. Rather than open this scholarship to all, however, the state restricts eligibility on the basis of race.

**ANSWER:** **Defendants admit that the Transitions in Education Act, 110 ILCS 180/130-5, included findings that "Illinois is suffering from a profound teacher shortage across the State." 110 ILCS 180/130-5(a)(1). Defendants further admit that the State has created scholarship programs to help lessen the financial burden for aspiring teachers and to**

**provide incentives for students to teach in Illinois schools. Defendants admit that the Minority Teachers of Illinois Scholarship Program, which includes race as an eligibility requirement, is one of the scholarships established by the State to help address the teacher shortage and is beneficial to aspiring teachers. Defendants deny all remaining allegations in this paragraph.**

2. In 1992, the Illinois Legislature established the Minority Teachers of Illinois Scholarship Program (Scholarship Program) with the intent to "encourage academically talented Illinois minority students to pursue teaching careers at the preschool or elementary or secondary school level and to address and alleviate the teacher shortage crisis[.]" 110 Ill. Comp. Stat. Ann. 947/50(b). Scholarship winners are awarded up to $7,500 per school year to cover university tuition, fees, and room and board.

<u>**ANSWER**</u>: **Defendants admit that Plaintiff has accurately quoted a portion of 110 ILCS 947/50(b). Defendants further admit that in 1992, the Illinois Legislature established the Minority Teachers of Illinois Scholarship program, with scholarship winners being awarded up to an annual maximum of $7,500 to cover tuition, fees, and room and board costs. Defendants deny all remaining allegations in this paragraph.**

3. Yet, the Scholarship Program imposes an explicit racial barrier: it is only for students who are American Indian or Alaska Native, Asian, Black or African American, Hispanic or Latino, or Native Hawaiian or Other Pacific Islander. Students of any other race are excluded.

<u>**ANSWER**</u>: **Defendants admit that an eligible applicant—among other conditions—must be a minority student. Defendants further admit that minority student "means a student who is any of the following: American Indian or Alaska Native, Asian, Black or African American, Hispanic or Latino, Native Hawaiian or Other Pacific Islander." Defendants deny all remaining allegations in this paragraph.**

4. Such blatant race-based discrimination against individuals who could otherwise contribute to a robust teacher pipeline in Illinois serves no compelling government purpose. It is demeaning, patronizing, un-American, and unconstitutional.

2

**ANSWER:** Defendants deny the allegations in this paragraph.

5. Plaintiff American Alliance for Equal Rights (Alliance) is a nationwide membership organization that is dedicated to eliminating racial distinctions and preferences in America. It has members who are qualified, ready, willing, and able to apply to the Scholarship Program, including Member A: a resident of Illinois and high school senior who plans to become a teacher and who meets each of the eligibility requirements for the Scholarship Program except she is not from a preferred race. Member A would apply to the Scholarship Program by the 2025-2026 academic year deadline of March 31, 2025, but cannot because her race makes her ineligible.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

6. The Alliance brings this lawsuit under 42 U.S.C. § 1983 to vindicate its members' constitutional rights and to ensure that every qualified citizen in Illinois has the equal opportunity to be considered for public scholarships without regard to their race.

**ANSWER:** **Defendants admit that Plaintiff brings this lawsuit under 42 U.S.C. § 1983. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

## JURISIDICTION AND VENUE

7. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

**ANSWER:** **Defendants admit that Plaintiff brings this lawsuit under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 and admit that the Court has jurisdiction over claims properly brought under 28 U.S.C. § 1331 and § 1343(a)(3). Defendants further admit that the Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes declaratory relief. Defendants deny that the Court has jurisdiction over this matter, deny that Plaintiff is entitled to any relief whatsoever, and deny all remaining allegations in this paragraph.**

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and because a substantial part of the events or omissions giving rise to the claim occurred and continue to occur in this District.

**ANSWER:   Defendants admit that venue is proper under 28 U.S.C. § 1391(b)(1) and (2). Defendants further admit that Defendants conduct official business in this District and that a substantial part of the alleged events or alleged omissions giving rise to the claim occurred and allegedly continue to occur in this District. Defendants deny all remaining allegations in this paragraph.**

## PARTIES

9. Plaintiff American Alliance for Equal Rights is a nationwide membership organization headquartered in Austin, Texas. It is a 501(c)(3) tax-exempt organization whose mission is to challenge racial classifications and racial preferences in America. The Alliance has one or more members who are citizens of Illinois, who do not qualify as a racial minority, and who are otherwise qualified, ready, willing, and able to apply to the Minority Teachers of Illinois Scholarship Program.

**ANSWER:   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

10. In particular, Member A is an Illinois high school senior who will be starting college this fall in Illinois. Member A will pursue a degree in education and plans to become an elementary school teacher. Member A does not qualify as a racial minority, but is otherwise qualified, ready, willing, and able to apply to the Minority Teachers of Illinois Scholarship Program for the 2025- 2026 school year.

**ANSWER:   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

11. Defendant Jay Robert Pritzker is the Governor of the State of Illinois. Governor Pritzker is sued in his official capacity.

**ANSWER:   Defendants admit the allegations in this paragraph.**

12. Defendant Kevin Huber is the Chairman of the Illinois Student Assistance Commission (Commission), the agency responsible for administering the Scholarship Program. Chairman Huber is sued in his official capacity.

**ANSWER:** Defendants admit the allegations in this paragraph.

## FACTUAL ALLEGATIONS

### The Scholarship Program's Racial Exclusion

13. The Minority Teachers of Illinois Scholarship Program was established in 1992 to address Illinois' teacher shortage and to "encourage academically talented Illinois minority students" to pursue teaching careers in pre-K-12 education. 110 Ill Comp. Stat. Ann. 947/50(b). Subject to appropriations, the Scholarship Program awards each qualified student a scholarship toward their attendance at a qualified Illinois institution of higher learning. 110 Ill. Comp. Stat. Ann. 947/50(b)-(c).

**ANSWER:** **Defendants admit that the Minority Teachers of Illinois Scholarship Program was established in 1992. Defendants further admit that this paragraph paraphrases the Higher Education Student Assistance Act, which fully states as follows:**

> **[T]o encourage academically talented Illinois minority students to pursue teaching careers at the preschool or elementary or secondary school level and to address and alleviate the teacher shortage crisis in this State described under the provisions of the Transitions in Education Act [110 ILCS 180/130-1 *et. seq*.], each qualified student shall be awarded a minority teacher scholarship to any qualified Illinois institution of higher learning.**

**110 ILCS 947/50(b). Defendants further admit that the awards are subject to appropriations. 110 ILCS 947/50(c).**

14. Scholarship recipients are contractually obligated to undertake a full-time teaching assignment at a nonprofit Illinois public, private, or parochial preschool, elementary school, or secondary school at which no less than 30 percent of the students are minority students; alternatively, if the recipient qualified as a bilingual minority applicant, the recipient may fulfill this obligation by teaching in a transitional bilingual education program. 110 Ill. Comp. Stat. Ann. 947/50(k).

**ANSWER:** **Defendants admit that the Higher Education Student Assistance Act requires:**

> **[E]ach recipient of a minority teacher scholarship awarded under this Section … to sign an agreement under which the recipient pledges that, within the one-year period following the termination of the program for which the recipient was awarded a minority teacher scholarship, the recipient (i) shall begin teaching for a period of not less than one year for each year of scholarship assistance he or she was awarded under this Section;**

5

**(ii) shall fulfill this teaching obligation at a nonprofit Illinois public, private, or parochial preschool, elementary school, or secondary school at which no less than 30% of the enrolled students are minority students in the year during which the recipient begins teaching at the school or may instead, if the recipient received a scholarship as a qualified bilingual minority applicant, fulfill this teaching obligation in a program in transitional bilingual education pursuant to Article 14C of the School Code [105 ILCS 5/14C-1** *et. seq.***] or in a school in which 20 or more English learner students in the same language classification are enrolled.**

**110 ILCS 947/50(l).**

15.     The Scholarship Program's statutory racial exclusion is embedded both in the application process and the qualification considerations for award.

**ANSWER:     Defendants admit that race is one part of the qualification considerations for an award. Defendants deny all remaining allegations in this paragraph.**

16.     First, only minority students who have graduated from high school or have received a State of Illinois High School Diploma, maintained a cumulative grade point average of no less than 2.5 on a 4.0 scale, and are enrolled or accepted on at least a half-time basis as an undergraduate or graduate student at an Illinois institution of higher education are eligible to apply for the Scholarship Program. Id. at (a).

**ANSWER:     Defendants admit that the Higher Education Student Assistance Act defines an 'eligible applicant' as "a minority student who has graduated from high school or has received a State of Illinois High School Diploma and has maintained a cumulative grade point average of no less than 2.5 on a 4.0 scale." 110 ILCS 947/50(a). Defendants further admit that a qualified applicant must be "enrolled on at least a half-time basis at a qualified Illinois institution of higher learning." *Id*.**

17.     For the Scholarship Program, "minority students" are only those students classified as: American Indian or Alaska Native, Asian, Black or African American, Hispanic or Latino, or Native Hawaiian or Other Pacific Islander. Id.

**ANSWER:     Defendants admit that the Higher Education Student Assistance Act defines 'minority student' as "a student who is any of the following: (1) American Indian or Alaska Native … (2) Asian … (3) Black or African American … (4) Hispanic or Latino …**

6

**(5) Native Hawaiian or Other Pacific Islander." 110 ILCS 947/50(a). Defendants deny all remaining allegations in this paragraph.**

18.     Eligible applicants must then satisfy the following requirements to receive a scholarship: (i) be a resident of the State and a citizen or permanent resident of the United States; (ii) be a minority student; (iii) as an eligible applicant, have made a timely application; (iv) be enrolled on at least a half-time basis at a qualified Illinois institution of higher learning to become a licensed teacher; (v) maintain a grade point average of no less than 2.5 on a 4.0 scale; and (vi) have continued to advance satisfactorily toward the attainment of a degree. Id.

**ANSWER:     Defendants admit that this paragraph paraphrases the Higher Education Student Assistance Act, which provides that a "'qualified student' means:**

> **[A] person (i) who is a resident of this State and a citizen or permanent resident of the United States; (ii) who is a minority student, as defined in this Section; (iii) who, as an eligible applicant, has made a timely application for a minority teaching scholarship under this Section; (iv) who is enrolled on at least a half-time basis at a qualified Illinois institution of higher learning; (v) who is enrolled in a course of study leading to teacher licensure, including alternative teacher licensure, or, if the student is already licensed to teach, in a course of study leading to an additional teaching endorsement or a master's degree in an academic field in which he or she is teaching or plans to teach or who has received one or more College and Career Pathway Endorsements pursuant to Section 80 of the Postsecondary and Workforce Readiness Act [110 ILCS 148/80] and commits to enrolling in a course of study leading to teacher licensure, including alternative teacher licensure; (vi) who maintains a grade point average of no less than 2.5 on a 4.0 scale; and (vii) who continues to advance satisfactorily toward the attainment of a degree.**

**110 ILCS 947/50(a).**

### Discrimination against the Alliance's Members

19.     So long as this racial exclusion remains in place, otherwise-qualified Alliance members will never receive equal consideration for the Scholarship Program.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

20.     The Alliance has one or more members who do not meet the statutory definition of a "minority student" and who are otherwise qualified, ready, willing, and able to apply to the Scholarship Program.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendants further state that there is no open application that can be submitted at this time.**

21. For example, Member A is a member of the Alliance and will receive a State of Illinois High School Diploma in May 2025.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

22. Member A has dreamed of becoming a teacher since childhood and would like to teach elementary school students.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

23. Member A is concerned about the high cost of earning a teaching degree and whether she would be able to afford to pay off student loans on a starting teacher's salary.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

24. Member A has maintained a cumulative grade point average above 2.5 out of a 4.0 scale.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

25. Member A has been accepted on a full-time basis as an undergraduate at an Illinois institution of higher education and will enroll in a course of study that will enable her to become a licensed Illinois teacher.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

26. Member A has sought out and applied for numerous scholarships to help defray the cost of tuition, room & board, and fees, which total over $40,000 for the 2024-2025 school year alone.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

27. Although Member A has been awarded several scholarships, approximately $22,000 of Member A's annual university expenses are not covered by her current scholarships.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

28. An award from the Scholarship Program would significantly defray Member A's remaining university expenses.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

29. Except for her race, Member A is qualified, ready, willing, and able to apply to the Scholarship Program.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendants further state that there is no open application that can be submitted at this time.**

30. Because of the racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50, Member A is ineligible to apply to and be considered for award from the Scholarship Program.

**ANSWER:** **Defendants admit that 110 ILCS 947/50 includes race as an eligibility requirement. Defendants deny that Member A is ineligible to apply and be considered for an award from the Scholarship Program. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

## CLAIM FOR RELIEF (42 U.S.C. § 1983)

### 110 Ill. Comp. Stat. Ann. 947/50's Racial Exclusion Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

31. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 30.

**ANSWER:**     **Defendants incorporate their answers to the foregoing paragraphs as though fully restated herein.**

32.    Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

**ANSWER:**     **Defendants admit the allegations in this paragraph.**

33.    Under 42 U.S.C. § 1983,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ….

**ANSWER:**     **Defendants admit the allegations in this paragraph.**

34.    110 Ill. Comp. Stat. Ann. 947/50 bars otherwise eligible applicants from applying for, and otherwise qualified students from being awarded, a Minority Teachers of Illinois Scholarship on the basis of their race.

**ANSWER:**     **Defendants admit that 110 ILCS 947/50 includes race as an eligibility requirement. Defendants deny the remaining allegations in this paragraph.**

35.    In executing appropriated funds for the Scholarship Program, Governor Pritzker is acting in his official capacity and under color of state law. 15 Ill. Comp. Stat. Ann. 20/50-5.

**ANSWER:**     **Defendants admit the allegations in this paragraph.**

36.    In administering the Scholarship Program, Chairman Huber is acting in his official capacity and under color of state law. 110 Ill. Comp. Stat. Ann. 947/50(i).

**ANSWER:**     **Defendants admit the allegations in this paragraph.**

37.    Government classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling government interest.

**ANSWER:**     **Defendants admit that government classifications on the basis of race may violate the Equal Protection Clause unless they are narrowly tailored to a compelling**

**government interest, but deny that any violation of the Equal Protection Clause has occurred and deny any remaining allegations in this paragraph.**

38. The racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 does not serve a compelling government interest.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

39. The racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 does not remediate any specific, identified instances of racial discrimination that violated the Constitution or statutes.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

40. Even if the racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 served a compelling government interest, it is not narrowly tailored to remediating specific, identified instances of past discrimination.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

41. The racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 stereotypes individuals on the basis of race, mandates racial discrimination, and has no end date.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

42. The racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 violates the Equal Protection Clause and is therefore unconstitutional.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief.

1. A declaration that the racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

2. A permanent prohibitory injunction forbidding the Governor and his agents from enforcing, or attempting to enforce, the racial exclusion in 110 Ill. Comp. Stat. Ann. 947/50;

3. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

4. Such other relief as the Court deems just and proper.

**ANSWER:** Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSE

**Standing/Mootness:** Plaintiff does not have standing to pursue these claims. Plaintiff has not established that Member A would otherwise be eligible for (or continues to be eligible for) the Minority Teachers of Illinois Scholarship Fund.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

s/ *Maggie Jones*
Maggie Jones
Assistant Attorney General
General Law Bureau
Government Representation Division
115 South LaSalle Street
Chicago, Illinois 60603
Margaret.Jones@ilag.gov

*Counsel for Defendants*